UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

IN RE:

PALM BEACH MARITIME FOUNDATION, INC.,   Case No. 15-31871-PGH

    Debtor.   Chapter 11
_____/

### NOTICE OF TAKING RULE 2004 EXAMINATION *DUCES TECUM* OF DEBTOR

**PLEASE TAKE NOTICE** that Interested Party, Palm Beach Maritime Museum, Inc., by and through undersigned counsel, hereby gives notice that it shall examine a Corporate Representative of the Debtor, Palm Beach Maritime Foundation, Inc., under oath on **Tuesday, March 17, 2016 at 10:00 a.m**. at the Offices of Akerman LLP, 350 East Las Olas Blvd., Suite 1600, Fort Lauderdale, Florida 33301.[1]  The examination may continue from day to day until completed.

The examination is being conducted pursuant to Rule 2004, *Federal Rules of Bankruptcy Procedure*, and Local Rule 2004-1, *Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Florida,* and will be taken before an officer authorized to record the testimony.  The scope of the examination shall be as described in Fed. R. Bankr. Pro. 2004.  Pursuant to Local Rule 2004-1, no order shall be necessary.

If the examinee requires an interpreter it is the Debtor's responsibility to engage the employment of such interpreter to be present at the examination.

---

[1] Or some other mutually agreeable place, date, or time.

{37464656;1}

### *Duces Tecum*

The examinee is further required to produce and deliver to D. Brett Marks, Esquire, Akerman LLP, 350 East Las Olas Blvd., Suite 1600, Fort Lauderdale, Florida 33301, the following documents on or before Thursday**, March 10, 2016**:

**See attached Schedule "A."**

      **AKERMAN LLP**
      Las Olas Centre II, Suite 1600
      350 East Las Olas Boulevard
      Fort Lauderdale, FL  33301-2999
      Phone:  (954) 463-2700
      Fax:  (954) 463-2224

      /s/ D. Brett Marks, Esq.
          D. Brett Marks, Esq.
          Florida Bar Number: 0099635
          Catherine E. Douglas, Esq.
          Florida Bar Number:  085843
          Email:  catherine.douglas@akerman.com
          Email:  brett.marks@akerman.com

      **- and -**

      **COLE, SCOTT & KISSANE, P.A.**
      1645 Palm Beach Lakes Blvd., 2nd Floor
      West Palm Beach, Florida 33401
      Telephone: (561) 383-9200
      Facsimile: (561) 683-8977

      By:     /s/ Katie M. Merwin
          KATIE M. MERWIN
          FBN: 041635
          Email:  katie.merwin@csklegal.com
          Email:  krystal.desinord@csklegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF electronic mail and/or U.S. mail this February 22, 2016 to all parties listed on the attached service list.

By: /s/ D. Brett Marks, Esquire

**SERVICE LIST**

**15-31871-PGH Notice will be electronically mailed to:**

Brian S Behar, Esq on behalf of Creditor Behar, Gutt & Glazer, P.A.
bsb@bgglaw.net

Angelo A Gasparri on behalf of Debtor Palm Beach Maritime Foundation, Inc
angelo@drlclaw.com, drlc.pbc@gmail.com;robert@drlclaw.com

Angelo A Gasparri on behalf of Plaintiff Palm Beach Maritime Foundation, Inc
angelo@drlclaw.com, drlc.pbc@gmail.com;robert@drlclaw.com

David B Marks on behalf of Interested Party Palm Beach Maritime Museum, Inc.
brett.marks@akerman.com, charlene.cerda@akerman.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**15-31871-PGH Notice will not be electronically mailed to:**

Douglas Darbut on behalf of Creditor US Bank National Association
Hooland and Knight
701 Brickell Ave #3300
Miami, FL 33131

Colleen A Murphy on behalf of Creditor US Bank National Association
One Financial Center
Boston, MA 02111

## SCHEDULE "A"

I. Instructions

    A.    This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the document request shall be supplemented forthwith.

    B.    For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

    C.    If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

        1.    The names of the authors of the document;
        2.    The names of the persons to whom the documents or copies were sent;
        3.    The date of the document;
        4.    The date on which the document was received by each addressee, copyee or its recipients;
        5.    A description of the nature and subject matter of the document that is as complete as possible;
        6.    The date on which the document was lost, discarded or destroyed; and
        7.    The manner in which the document was lost, discarded or destroyed.

    D.    With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

        1.    The names of the senders or the document;

        2.    The names of the authors of the document;

       3.     The names of the persons to whom the document or copies were sent;

       4.     The job title of every person named in subparagraphs 1, 2 and 3 above;

       5.     The date of the document;

       6.     The date on which the document was received by each addressee, copyee or its recipient;

       7.     A brief description of the nature and subject matter of the document; and

       8.     The statute, rule or decision which is claimed to give rise to the privilege.

E.     If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

F.     All words in this request for production shall have their plain and ordinary meanings unless specifically defined herein below in Part II of this Request.

G.     Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.     The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

I.     "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise might be construed as outside their scope.

J.     "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K.     The use of the singular form of any word includes the plural and vice versa.

L.     All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.  Unless otherwise stated herein, the time period encompassed by this Rule 2004 shall be from **five (5) years prior to the Petition Date** to the date of this Rule 2004.

II. Definitions

For purposes of this Rule 2004, the following definitions shall apply:

A.  "Deponent", "Debtor", "examinee", "you", and "your" shall mean the party upon whom this Rule 2004 is served and all of its authorized employees, agents, or others purporting to act on its behalf.

B.  "Documents" and/or "records" shall mean, without limiting the generality of this meaning, any writings, papers or tangible things in the possession, custody or control of the Deponent, including, letters, e-mails, computer files, handwritten notes, calendar pads, appointment books, note pads, notebooks, correspondence of any kind, postcards, memoranda, telegrams, telexes, annual or other reports, financial statements, books, records, ledgers, journals, minutes of all meetings, contracts, agreements, drafts of contracts or agreements, appraisals, analyses, charts, graphs, data sheets, data tapes, computer disks, computer hard drives or readable computer produced interpretations thereof, stenographic notes, tape and disk recordings, tapes, photostats, recordings, photographs, drawings, illustrations, plans and personal interviews, wherever located, whether located original or duplicate, and all compilations of the foregoing including binders, notebooks, folders and files.  All categories of documents described above shall include with respect thereto all communications, whether or not expressly stated. If a document has been prepared in several copies, or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the copy by addition or notations, or other modifications, are no longer identical), each non-identical copy shall be deemed to be a separate document for purposes of these discovery request.

C.  "Possession, custody, or control" as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

D.  "Communications" means any electronic, oral, magnetic, or written transmittal or transfer of data, facts, ideas, information, inquiries, or thought.

E.  "Correspondence" means any letter, note, memorandum, report, notice, facsimile transmission, e-mail transmission, and any documents (as defined in paragraph 1 above) that were sent or received from one or more persons to one or more persons, regardless of authorship or origin, including that which was directed as a copy, blind copy, forwarded copy, or sent or received mistakenly.

F.  The term "Debtor" shall mean Palm Beach Maritime Foundation, Inc. including any predecessors, assigns, employees, agents, and others purporting to act on its behalf.

G. The terms "person", "individual", "entity", and "entities" are used interchangeably and shall be deemed to include the plural and vice versa. Each of these terms shall mean, but are not limited to: (i) any association, or business, legal, or governmental entity, including all corporations, partnerships, associations, joint ventures, trust, firms, or other business enterprise or legal entity, unless otherwise stated; or (ii) surety ship; institution; or government or government agency or political subdivision be it foreign or domestic; or (iii) board, committee, group, or organization comprised of any of the foregoing or combination thereof; whether they be now or previously existing.

H. "Support", "evidence", "relate to", "relating to", "related to", "referred to", "concerning", "pertaining to" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

I. The words "concerning," "concerns," or any other derivative thereof; as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing and constituting.

J. The term "Transfer" shall the creation of a lien, the retention of title as a security interest, the foreclosure of a debtor's equity of redemption or each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property.

K. The term "Petition Date" shall mean December 18, 2015, which is the date the Debtor filed a voluntary petition for relief under Chapter 11, title 11 of the United States Code.

L. The term "PBMM" shall mean Palm Beach Maritime Museum, Inc., including any assigns, employees, agents, and others purporting to act on its behalf.

III.    Documents Requested[2]

1. All account statements, canceled checks, checkbooks, stubs and registers, deposit slips, debit memos, wire transfer requests and advices, and passbooks, from any checking accounts, savings accounts, time deposits, money market accounts, and other investment accounts in the Debtor's name, or into which the Debtor deposited funds within five (5) years from the Petition Date to the date of this request.

2. All corporate resolutions and minutes of meetings, including any amendments, prepared by or on behalf of the Debtor within five (5) years from the Petition Date to the date of this request.

3. All articles of incorporation and by-laws, including any amendments, of the Debtor.

4. All minutes of member's meetings or meetings of the Debtor's Board of Directors as well as any other documents in which the Debtor appointed or elected members to its Board of Directors from January, 1 2012 to the Petition Date, and any communication, including, but not limited to, any e-mails, telephone notes, correspondence, reports and any other documents, relating to or referencing such appointments.

5. All shareholder agreements among any shareholder of the Debtor executed within the last four years or in effect at any time within five (5) years from the Petition Date to the date of this request.

6. All documents concerning the ownership of Debtor for the five (5) years prior to the Petition Date, including the names of the shareholders, percentage of ownership, and any capital contributions.

7. All documents concerning any efforts of the Debtor in the last five (5) years to obtain any financing, loans or equity infusions, including all loan or financing applications submitted to any third party.

8. All written agreements between the Debtor and any party currently serving on the Debtor's Board of Directors or who previously served on the Debtor's Board of Directors in the five (5) years prior to the Petition Date concerning the business affairs of the Debtor or PBMM.

9. All lease agreements and executory contracts, including any employment contracts, entered into between the Debtor and any third party at any time within five (5) years from the Petition Date to the date of this request.

10. All of the Debtor's payroll records for the five (5) years prior to the Petition Date.

---

[2] To the extent any or all documents or records responsive to this Request are in electronic format, please contact the undersigned to arrange for their production.

11. All audited and unaudited financial statements prepared by the Debtor at any time within five (5) years of the Petition Date, including but not limited to profit and loss statements, income statements, balance sheets and projections.

12. All state and federal tax returns filed by the Debtor with any government agency at any time within five (5) years of the Petition Date.

13. All payments to or for the benefit of any person serving as an officer, director, or shareholder of the Debtor at any time within five (5) years of the Petition Date.

14. Copies of the Debtor's current insurance policies, including, but not limited to directors and officers liability insurance, and/or management liability insurance

15. All documents concerning or evidencing any obligation owed to "US Bank NA, as Trustee for bond holders" as identified on Schedule "F" of the Debtor's Schedules.

16. All documents concerning or evidencing the $21,147.78 of "Work in Progress Construction in Progress" as identified on Schedule "B" of the Debtor's Schedules.

17. All documents concerning the law suit styled: "*SBZZ v, Palm Beach Maritime Foundation*" any as identified on Question 7 of the Debtor's Statement of Financial Affairs.

18. All communication, including, but not limited to, any e-mails, telephone notes, correspondence, reports and any other documents, including drafts of contracts and closing statements, by and between the Debtor and The Beacon Group.

19. All documents related to the alleged restructuring of the corporate identity, operations or business affairs of PBMM, including, but not limited to:

a. any written agreement concerning or regarding the restructuring of PBMM;

b. any documents which substantiate, set forth or reference the terms of an agreement to restructure the corporate identity, operations or business affairs of PBMM; and

c. any communication, including, but not limited to, any e-mails, telephone notes, correspondence, reports and any other documents, relating to or referencing the restructuring of the corporate identity, operations or business affairs of PBMM.

20. All documents which substantiate, set forth or reference a requirement that PBMM transfer its non-school related assets to the Debtor, including, but not limited to:

a. any contract which requests PBMM to transfer its non-school assets to the Debtor;

b. any documents which set forth the terms or conditions governing the transfer of non-school assets of PBMM to the Debtor;  and

      c.     any communication, including, but not limited to, any e-mails, telephone notes, correspondence, reports and any other documents relating to or referencing the requirement that PBMM transfer its non-school related assets to the Debtor.

      21.     All documents related to the Management Agreement between the Debtor and PBMM, including, but not limited to:

      a.     any contracts, including drafts, by and between the Debtor and any third party regarding or related to the provision of services the Debtor was to perform for PBMM under the Management Agreement;

      b.     any document which shows or evidence how monies which the Debtor either received or was to receive from PBMM under the Management Agreement are consistent with IRS 501 requirements;

      c.     any documents which show or evidence how PBMM allegedly prevented the Debtor from performing its duties under the Management Agreement;

      d.     any documentation pertaining to personnel who performed services for the Debtor in accordance with the requirements of the Management Agreement;

      e.     invoices received by the Debtor from any third party relating to services that third party performed on behalf of or for the Debtor under the Management Agreement;

      f.     any documents which show or indicate that the Debtor provided payroll and management services to PBMM in accordance with the Management Agreement;

      g.     any documents which show or indicate that the Debtor provided human resources and benefit administration services to PBMM in accordance with the Management Agreement;

      h.     any documents which show or indicate that the Debtor provided an academic program review for PBMM in accordance with the Management Agreement;

      i.     any documents which show or indicate the Debtor provided training to PBMM personnel in accordance with the Management Agreement;

      j.     any documents which show or indicate that the Debtor engaged in and performed facility maintenance for PBMM properties in accordance with the Management Agreement;

      k.     any invoices the Debtor sent to PBMM for reimbursement of costs under the Management Agreement;

      l.     any documents by which the Debtor gave notice to PBMM that PBMM was allegedly in breach of the Management Agreement;

      m.     any notes, internal memoranda or other documents which document why the Debtor believes PBMM is in breach of the Management Agreement;

   n.  all documents which support, show or state the damages the Debtor claims to have suffered as a result of PBMM's alleged breach of the Management Agreement; and

   o.  any communication, including, but not limited to, any e-mails, telephone notes, correspondence, reports and any other documents, relating to or referencing the Management Agreement.

   22.  All documents, including cancelled checks and bank statements, evidencing any and all transfers made by and between the Debtor and IHWS from January 1, 2011 to the Petition Date, and any communication, including, but not limited to, any e-mails, telephone notes, correspondence, reports and any other documents, relating to or referencing such transfers.

   23.  All documents, including cancelled checks and bank statements, evidencing any and all transfers made by and between the Debtor and PBMM from January 1, 2011 to the Petition Date, and any communication, including, but not limited to, any e-mails, telephone notes, correspondence, reports and any other documents, relating to or referencing such transfers.

   24.  All documents, including cancelled checks and bank statements, evidencing any and all transfers made by and between the Debtor and Hapoalim Securities from January 1, 2011 to the Petition Date, and any communication, including, but not limited to, any e-mails, telephone notes, correspondence, reports and any other documents, relating to or referencing such transfers.

   25.  All documents, including cancelled checks and bank statements, evidencing any and all transfers made by and between the Debtor and Hapoalim Bank from January 1, 2011 to the Petition Date, and any communication, including, but not limited to, any e-mails, telephone notes, correspondence, reports and any other documents, relating to or referencing such transfers.

   26.  All documents, including cancelled checks and bank statements, evidencing any and all transfers made by and between the Debtor and The Bentley Group from January 1, 2011 to the Petition Date, and any communication, including, but not limited to, any e-mails, telephone notes, correspondence, reports and any other documents, relating to or referencing such transfers.

   27.  All communication with a third party whereby the Debtor took the position that the Board of Directors for PBMM had changed within five (5) years of the Petition Date. This request includes, but is not limited to any communication sent to a bank or financial institution at which PBMM held or currently holds a bank account.

   28.  All communications (sent or received) within five (5) years of the Petition Date between the Debtor and any third party where the Debtor stated that it was authorized to act in any way on behalf of PBMM.

   29.  All communications (sent or received) within five (5) years of the Petition Date between the Debtor and any of the following of Palm Beach County School District, Broward County School Board, Seminole County School Board, City of West Palm Beach or Port of Palm Beach concerning the business affairs of the Debtor or PBMM.

30. All communications (sent or received) within five (5) years of the Petition Date between the Debtor and any director of the Debtor concerning the operations of PBMM.

31. Copies of any contract or agreement between the Debtor and Mayra Stafford.

32. All invoices sent by Mayra Stafford to the Debtor within five (5) years of the Petition Date.

33. All communications and/or correspondence, including but not limited to e-mails, sent or received between the Debtor and Mayra Stafford concerning the business affairs of the Debtor or PBMM.

34. All communications and/or correspondence, e-mails and other documents the Debtor either sent to or received from First Bank of Palm Beach within five (5) years of the Petition Date.

35. All communications, correspondence, e-mails and draft contracts between the Debtor and Matthew O'Connor or any entities for which Matthew O'Connor was an agent or authorized representative in relation to the business affairs of the Debtor or PBMM.

36. All contracts and/or agreements between the Debtor and Matthew O'Connor or any entity for which Matthew O'Connor was an agent or authorized representative.

37. All communications and/or correspondence, including but not limited to e-mails, between the Debtor and Patricia Aguiar concerning the business affairs of the Debtor or PBMM.

38. All communications and/or correspondence, including but not limited to e-mails, between the Debtor and Ed Chan concerning the business affairs of the Debtor or PBMM.